NO. 07-08-0412-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 20, 2009

_____

CRISTAL GALE STOWE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 4833; HONORABLE KELLY G. MOORE, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea bargain, in 2002, Appellant, Cristal Gale Stowe, was convicted of endangering a child, a state jail felony, and was sentenced to twenty months confinement, suspended in favor of four years community supervision. The State filed a motion to revoke community supervision in 2005 for numerous violations of the conditions thereof; however, that motion was dismissed and community supervision was extended for

another year in addition to amendments to the conditions. On November 14, 2006, the State filed another motion to revoke community supervision again alleging violations of the conditions thereof. After a hearing on the State's motion, Appellant's community supervision was revoked and punishment was assessed at the original sentence of twenty months confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008). Counsel has candidly discussed why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). Counsel has also demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a pro se response if she desired to do so, and (3) informing her of her right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[2] By letter, this Court granted Appellant thirty days in which

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a pro se petition for discretionary review. *In re Schulman*, at 408 n.22 & at 411 n.35.

to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409, n.23. Appellant did not file a response. Neither did the State favor us with a brief.

By the *Anders* brief, counsel asserts the trial court properly ruled on all matters raised and finds no reversible error. We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

3